```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **KATRINA MORRIS,** | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION NO. 17-00258-B |
| | : |
| **RANDOLPH COUNTY BOARD OF** | : |
| **EDUCATION,** | : |
| | : |
| Defendant. | : |

### REPORT AND RECOMMENDATION

Plaintiff Katrina Morris' Complaint and Motion for Leave to Proceed Without Prepayment of Fees (Docs. 1, 2) are before the Court pursuant to S.D. Ala. GenLR 73 and 28 U.S.C. § 636. Morris, who is proceeding *pro se*, initiated this action by filing a complaint against the Randolph County Board of Education, alleging employment discrimination on the basis of race, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Upon review, the undersigned finds that Morris has not alleged any facts to support venue in the Southern District of Alabama, and therefore recommends that this action be transferred to the Middle District of Alabama, Eastern Division.

Courts determine whether venue for a civil action is proper under 28 U.S.C. § 1391, "except as otherwise provided by law." 28 U.S.C. § 1391(b). Title VII includes its own venue provision, 42 U.S.C. § 2000e-5(f)(3), which supersedes the general venue

provision of § 1391. See Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and . . . the more general provisions of § 1391 are not controlling in such cases."). Under Title VII's venue provisions, an action may be brought "(1) in any district court in a state where the alleged Title VII violation occurred; (2) in the judicial district where the employment records that pertain to the alleged Title VII violation are maintained; (3) in the judicial district where plaintiff would have worked had there been no Title VII violation; and, if none of the previous three conditions exist, (4) in the judicial district where the defendant's principal office is located." Pritchett v. Paschall Truck Lines, Inc., 714 F. Supp. 2d 1171, 1173 (M.D. Ala. 2010). Based on the allegations in Plaintiff's complaint, venue is clearly improper in the Southern District of Alabama because this jurisdiction does not satisfy any of the venue requirements listed in § 2000e-5(f)(3). See Buesgens v. Coates, 435 F. Supp. 2d 1, 3 (D.D.C. 2006) ("If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements in 42 U.S.C. § 2000e-5(f)(3), venue is improper.").

A close review of Morris' complaint reveals that none of the actions about which she complains are alleged to have

occurred in the Southern District of Alabama. Morris alleges that Defendant Randolph County Board of Education, located in Wedowee, Alabama, retaliated against her for filing an EEOC charge, and discriminated against on account of her race when it filled a Coordinator of Special Education position within the school system. (Doc. 1). Presumably, Morris would have been employed in Randolph County had she been selected for the position. Randolph County, Alabama, where the alleged events occurred, is located in the Middle District of Alabama, Eastern Division, as opposed to the Southern District of Alabama. Further, there is nothing in the complaint that suggests that any employment or other records related to this dispute are located in the Southern District of Alabama.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Indeed, the Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Compensation Board, 861 F. 2d 1257, 1259 (11th Cir. 1988)(stating "a district court may raise on its own motion an issue

3

of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). The undersigned finds that it is in the interest of justice to transfer this case to the Middle District of Alabama, Eastern Division, for further proceedings given that Plaintiff is proceeding *pro se,* and her claims could potentially be time barred if dismissed. See Stallings v. Hoffman, 2014 U.S. Dist. LEXIS 65776, 2014 WL 2040101, at *2 (N.D. Ga. March 12, 2014) (finding that it was in the interest of justice to transfer a case brought in the wrong district because a pro se plaintiff "likely does not know the venue laws").

Accordingly, it is **ordered** that this action, including the pending Motion for Leave to Proceed Without Prepayment of Fees (doc. 2) be transferred to the Middle District of Alabama, Eastern Division, for further proceedings.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

4

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **19th** day of **June, 2017.**

                                       /S/ SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**